UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LOBESTER LOGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-168-RWS |
| | ) | |
| DOUGLAS A. WORSHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Lobester Loggins, registration number 151387, for leave to commence this civil action without prepayment of the filing fee. For the reasons explained below, the motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. *See Loggins v. Delo,* No. 4:92-cv-1457-ELF (E.D. Mo. Jul. 28, 1992); *Loggins v. Youngman, et al.*, No. 4:93-cv-1606-ELF (E.D. Mo. Jul. 14, 1993); and *Loggins v. Angiel*, No. 2:05-cv-4169-SOW (W.D. Mo. Jul. 14, 2005).

The Prison Litigation Reform Act of 1996 ("PLRA") provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court recognizes that two of the foregoing dismissals occurred before the enactment of the PLRA. However, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to

state a claim count as "strikes" for purposes of § 1915(g). The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA are to be counted in determining whether a prisoner has accumulated three strikes and therefore may no longer prosecute a claim *in forma pauperis*. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of the plaintiff's pre-PLRA claims in determining his number of strikes). Accordingly, plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the instant complaint, plaintiff alleges that the defendants violated his constitutional right to the free exercise of his religion when they took action that prohibited his access to religious materials, including a particular newspaper. Plaintiff alleges nothing permitting the conclusion that he is under imminent danger of serious physical injury. He therefore may not proceed *in forma pauperis* in this action. *See id.* The Court will deny plaintiff's motion for leave to proceed *in forma pauperis,* and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

Dated this 25th day of August, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE